```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 26, 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JULIO ISLEY SMITH,

                Plaintiff,

                - against -

JANET MAYPES-RHYNDERS, et al.,

                Defendants.
------------------------------------------------------x

07 Civ. 11241 (PAC) (MHD)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Julio Isley Smith ("Smith"), an inmate in the New York State correctional system, commenced this 42 U.S.C. § 1983 action against nine corrections officers, sergeants, and the Deputy Superintendent of Green Haven Correctional Facility ("Defendants"). He claims that the Defendants harassed and threatened him, destroyed or stole his property, and brought groundless disciplinary charges against him in retaliation for his having complained about alleged officer misconduct.

The Court has reviewed Magistrate Judge Dolinger's Report and Recommendation ("R&R") dated July 28, 2011, as well as Smith's objections timely filed on August 29, 2011. For the reasons that follow, the Court adopts Magistrate Judge Dolinger's R&R in its entirety. Defendants' motion is, therefore, GRANTED.

## BACKGROUND[1]

**I. Procedural History**

On October 26, 1999, Smith was sentenced to fifty years in prison for his conviction of sexually abusing his nephew and a daughter of his cousin. On December 11, 2006, Smith was

---

[1] Facts are taken from the R&R and the parties' submissions.

1

transferred to Green Haven Correctional Facility ("Green Haven"); his claims are based on his treatment at this facility.  Smith is currently incarcerated at Southport Correctional Facility.

On September 7, 2007, Smith filed his first Complaint in this matter.  On December 14, 2007, Judge Kimba M. Wood dismissed it, <u>sua</u> <u>sponte</u>, but granted leave to replead.  Smith filed an Amended Complaint on February 25, 2008, in which he alleged that Defendants harassed him, destroyed or stole his property, including his legal papers, brought groundless disciplinary charges against him in retaliation for his having complained about alleged officer misconduct, and violated his due process rights during the disciplinary hearing.

On August 8, 2008, Defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6).  Magistrate Judge Dolinger issued a Report and Recommendation on March 11, 2009.  This Court adopted Magistrate Judge Dolinger's Report and Recommendation on March 31, 2009, and granted Defendants' motion with respect to Defendants Maypes-Rhynders, Montegari and Hillman.  As to the other Defendants, the Court held that Smith sufficiently pled retaliation, denial of due process, and denial of access to the courts.

On January 19, 2010, the remaining Defendants moved for summary judgment on four grounds.  Specifically, Defendants allege that: (1) Smith failed to exhaust his administrative remedies for some or all of his claims; (2) Smith's retaliation claims fail because: (a) he has not shown that the accused officers were present during the alleged retaliatory incidents, (b) an inmate of ordinary firmness would not have been deterred from exercising his rights by the alleged conduct, and (c) the allegedly retaliatory disciplinary reports were later proven to be true; (3) Smith was afforded adequate due process protections at his prison disciplinary hearing; and (4) Smith's access to the courts claim fails because Smith did not show that the accused was

responsible for the loss of his legal documents and because he suffered no cognizable injury from this loss.

On July 28, 2011, Magistrate Judge Dolinger issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted in its entirety.  Smith filed timely objections.

## II. The PLRA and Magistrate Judge Dolinger's R&R

The PLRA states that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 634 U.S. 516, 532 (2002).  To properly exhaust administrative remedies, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Block, 549 U.S. 199, 218 (2007) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

"[W]hile the PLRA's exhaustion requirement is 'mandatory,' certain exceptions apply." Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004) (internal citation omitted).  A three-part inquiry applies when "a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies . . . ."  Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).  Courts ask first "whether administrative remedies were in fact 'available' to the prisoner."  Id.  Next, courts consider whether the affirmative defense of non-exhaustion has been forfeited "or whether the defendants' own actions inhibiting the

3

inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." Id. Finally, if the Court determines that administrative remedies were available to the plaintiff, and that the defendants are not estopped from raising the non-exhaustion defense, the Court must consider "whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with the administrative procedural requirements." Id. (quoting Giano, 380 F.3d at 676).

   1. Smith's Retaliation Claims

Magistrate Judge Dolinger found that Smith failed to exhaust his administrative remedies for his retaliation claims. (R&R 23-28.) Retaliation claims must be exhausted through a three-tier administrative grievance process proscribed by the New York State Department of Correctional Services ("DOCS"). See 7 N.Y.C.R.R. § 701.5(a). This process first requires a grievance, containing a concise description of the problem, filed with the Inmate Grievance Resolution Committee ("IGRC"). Id. Second, an inmate may appeal an adverse decision to the prison superintendent. Id. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). Id.

Property claims are not governed by this inmate grievance program, but by a separate procedure, to determine, inter alia, the cause and amount of damages. See 7 N.Y.C.R.R. § 1700.6. Under the property procedure, first, an inmate files a claim that is reviewed by the deputy superintendent of the facility or a designated claim reviewer. 7 N.Y.C.R.R. § 1700.3. Second, an inmate may appeal the decision either to the facility superintendent or CORC, depending on the amount of money at issue. Id. Finally, an inmate may pursue his claim in the New York Court of Claims. Id.

Magistrate Judge Dolinger found that Smith filed two appeals with CORC, the final step in the administrative inmate grievance process. (R&R 24.) Only one of these grievances, a property claim relating to Smith's typewriter, related to Smith's allegations in his Amended Complaint. (Id.) Smith filed a property claim for his damaged typewriter, and after not receiving a response to this claim, filed an appeal to the IGRC requesting an investigation into his claim. (Id. 24-25.) Both the IGRC and the facility superintendent advised Smith to re-submit his claim to the facility's claims officer. (Id.) Smith, however, ignored this advice, and instead filed an appeal with CORC asserting that his property claim had not been filed or processed and asserting for the first time that his typewriter had been "maliciously destroyed." (Id. 24.)

One of the purposes of the exhaustion requirement of the PLRA is to "affor[d] corrections officials an opportunity to address complaints internally." Porter v. Nussle, 534 U.S. 516, 525 (2002). A prisoner's property claim does not put the prison on notice of any allegations of employee misconduct. See Brownell v. Krom, 446 F. 3d 305, 311 (2d Cir. 2006) (affirming summary judgment for defendants where an inmate filed a property claim in a New York prison and later filed a lawsuit for intentional misconduct stemming from the same incident because the inmate failed to exhaust his administrative remedies for intentional misconduct). Magistrate Judge Dolinger found that by filing a property claim, Smith failed to put Green Haven on notice of any intentional misconduct. (Id. 28.) Further, since Smith waited more than three months after filing his property claim before suggesting that the damage resulted from intentional misconduct, he failed to afford Green Haven a fair and timely opportunity to investigate his claim. (Id. (citing Woodford v. Ngo, 548 U.S. 81, 95 (2006) (recognizing the importance of timely filed grievances because "witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").)

Having found Smith failed to exhaust his intentional misconduct claim, Magistrate Judge Dolinger considered whether special circumstances justified Smith's failure to comply with the administrative grievance process.[2] (Id. 25-27.)  He noted that Smith did not contend that he misunderstood the property-claim process, or that he was advised to file his property claim in this manner, or that he found new evidence later that suggested that a DOCS employee had intentionally damaged his typewriter.  (Id. 27.)  To the contrary, Magistrate Judge Dolinger determined that Smith simply ignored the advice of both IGRC and the superintendent to re-file his claim with the property claims reviewer, and instead filed an appeal to CORC, where Smith mentioned for the first time the possibility of intentional misconduct.  (Id.)  Accordingly, Magistrate Judge Dolinger held there were no special circumstances to excuse Smith's failure to exhaust his administrative remedies.

    2.  <u>Smith's Access-to-the-Courts Claim</u>

Magistrate Judge Dolinger found that Smith also failed to exhaust his administrative remedies with respect to his access to the courts claim (R&R 28-30); but the failure was justified by special circumstances.  Smith's appeal on this claim was returned without instructions as to any defect with the grievance or any further steps that he should have taken.  (Id. 29.)  Accordingly, Magistrate Judge Dolinger considered Smith's access to the courts claim on the merits.  (Id. 29-37.)

An inmate alleging denial of access to the courts must show that the defendants "deliberately and maliciously deprived him of legal materials" and that he suffered an "actual impairment of a legal claim."  David v. N.Y.P.D. 42nd Precinct Warrant Squad, No. 02 Civ. 2581, 2004 WL 1878777, at *4 (S.D.N.Y. Aug. 23, 2004).  The lawsuit underlying Smith's claim

---

[2] While this is the third-part of the <u>Hemphill</u> inquiry, it is clear from the record that administrative remedies were available to Smith and that rather than inhibit Smith, prison officials encouraged Smith to re-file his claim.  (R&R 24-27; <u>see</u> <u>also</u> <u>infra</u> 9.)

changed over the course of this proceeding—from a second-hand smoke lawsuit to a slip-and-fall lawsuit. (R&R 32-37.)

With respect to Smith's second-hand smoke lawsuit, Smith did not suffer a cognizable injury since the documents destroyed were internet printouts that could easily be replicated and the destruction occurred after Smith's trial was adjourned so he could find an expert witness. (Id. 34-35.) This adjournment was still ongoing as of the time of Smith's deposition. (Id.) Therefore Smith had not suffered an actual impairment of his legal claim.

As to Smith's slip-and-fall lawsuit, Smith failed to show injury since the evidence demonstrated that Smith lost this case for failing to proffer any evidence to support several elements that would have been necessary to support a prima facie claim, including necessary expert medical testimony. (Id. 35-37.) Smith failed to provide any evidence to show that he possessed any papers that would have satisfied his burden of proof in that case or altered the outcome. (Id.)

Accordingly, Magistrate Judge Dolinger recommended that Defendants' motion for summary judgment be granted as to Smith's denial of access to the courts claim. (Id. 37.)

3. Smith's Due Process Claim

Finally, Magistrate Judge Dolinger considered Smith's due process claim. First, that Defendants Melious and Lawfer brought false disciplinary charges in retaliation for grievances Smith filed. This claim failed for the same reason all of Smith's retaliation claims failed, as discussed above. (Id. 40.)

Next, Magistrate Judge Dolinger considered Smith's claim that his due process rights were violated during the disciplinary hearing. Since Smith had exhausted his administrative remedy, this claim was considered on the merits. (Id. 40-43.) Due process protections afforded

7

to an inmate engaged in prison disciplinary hearing "are in many respects less demanding than those for criminal prosecution." Edwards v. Balisok, 520 U.S. 641, 647 (1997). The due process protections required at a disciplinary hearing include notice, a fair and impartial hearing officer, a reasonable opportunity to call witnesses and present documentary evidence, a written disposition explaining the reasons for the actions taken, and a sentence supported by "some" reliable evidence. Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). Magistrate Judge Dolinger found that Smith received written notice of the charges, pre-hearing assistance, an opportunity to present witnesses and documentary evidence, and that he received a written disposition of his case. (Id. 38, 43.) While there was evidence that Defendant Cunningham began preparing a disposition of the case before the case was over, Magistrate Judge Dolinger found that there was no evidence of bias or that Defendant Cunningham judged Smith's case before allowing Smith to defend himself. (Id. 43.) Since Smith admitted to possessing most, if not all, of the contraband during the hearing, Magistrate Judge Dolinger found Defendant Cunningham's decision was plainly supported by some reliable evidence. (Id. 43.) Smith received all the due process to which he was entitled. Accordingly, Magistrate Judge Dolinger recommended that this Court grant Defendants' motion for summary judgment on Smith's due process claims. (Id.)

## DISCUSSION

### III. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the Court is obligated to review the contested issues de novo. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to

8

which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## IV. Smith's Objections

Smith timely submitted objections to the R&R. First, Smith states that he explained his failure to exhaust his administrative remedies but that it "simply fell on death [sic] ears." (Objections 2.)[3] In order to counter the Defendants' contention that he failed to exhaust his administrative remedies, Smith must show (1) that administrative remedies were not available to him, (2) that Defendants' actions inhibited him from exhausting his remedies, or (3) plausibly allege that other special circumstances justify his failure to comply with the administrative procedural requirements. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). The record here is clear that administrative remedies were available to Smith. Rather than inhibit Smith's claim, CORC and the prison superintendent encouraged Smith to re-file his mis-filed typewriter claim. (See Schulze Decl. Ex. D.) Magistrate Judge Dolinger properly considered whether there were any special circumstances to justify Smith's failure to exhaust his administrative remedies. (R&R 25-27.) There is no evidence in the record, however, of special circumstances that would justify Smith's failure to exhaust his administrative remedies with respect to any retaliation claim. Accordingly, there is no basis to justify Smith's failure to exhaust his administrative remedies.

Second, Smith objects to the finding that he did not suffer a cognizable injury from the loss and destruction of his legal documents regarding his slip-and-fall and second-hand smoke cases. (Objections 2-3, 7-8.) To satisfy his access to the courts claim, Smith had to show that

---

[3] While Smith states that he is objecting to the Defendants' motion for summary judgment, this Court interprets his statements as objections to the R&R. (See Smith's Objections 2.) It is unclear, however, whether Smith is claiming to have explained his reasons for not exhausting his administrative remedies to Defendants or to Magistrate Judge Dolinger.

9

"he suffered injury by showing that the alleged deprivation resulted in an actual impairment of a legal claim." Gagot v. Rodriguez, No. 08 CV 361(LAP), 2011 WL 1201822, at *4 (S.D.N.Y. Mar. 23, 2011). With respect to the slip-and-fall case, Smith notes that if he had the resources he would send the Court a complete file to explain why he lost that case, which Smith alleges was due to lack of documentary evidence. (Objections 2-3, 7.) The Court has reviewed the Court of Claim's decision in Smith's slip-in-fall case and determined that Smith's claims were dismissed because he failed to provide either personal testimony or documentary evidence to show what caused him to slip, and the conditions of the stairs before his fall, and failed to provide the medical testimony necessary to sustain his medical malpractice claim. (Smith Ex. A 44-48.)[4] Smith submitted no evidence to show that any of the papers he possessed would have satisfied his burden of proof or changed the outcome in this case. Accordingly, Smith has not shown an actual impairment caused by the alleged deprivation.

As to his second-hand smoke case, Smith alleges that the internet printouts on the effects of second-hand smoke cannot easily be re-created because his mother, who printed the documents out, passed away. (Objections 7.) Assuming *arguendo,* that Smith could not obtain these internet printouts from any other source, Smith still has not shown an actual impairment of a legal claim, as required. Smith alleged that his legal files were destroyed after he returned to Green Haven from a trial that had been adjourned so that Smith could get an expert witness. (Smith's Dep. Tr. 34-35, 44, Schulze Ex. B.) As of the date of Smith's opposition brief, the adjournment was still ongoing. (See Smith's Rule 56.1(b) Stmt. of Facts 6.) Accordingly, Smith has not shown that the destruction of his internet printouts has had any actual impairment on his legal claim.

---

[4] This Court refers to all of the documents attached to Smith's opposition papers as Exhibit A, numbered sequentially after the final page of his memorandum of law.

Third, Smith argues that the date of his sentence in the R&R is inaccurate. (Objections 3.) The date reflected in Smith's sentencing transcript is October, 26, 1999, which is the same date listed in the R&R. (Sentencing Tr. 1, Schultze Decl. Ex. A.) Even if this date is incorrect, it does not, in any way, change the Court's analysis of the Defendants' motion.

Fourth, Smith questions why the R&R recommended granting Defendants' motion for summary judgment when it noted that Smith "sufficiently pled" his retaliation, denial of due process and denial of access to the courts claims. (Objection 4.) Of course the standard governing a motion to dismiss and a motion for summary judgment differ. On a motion to dismiss, a court considers whether the complaint contains sufficient factual allegations for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). On a motion for summary judgment, a court considers whether there is a genuine dispute as to the material facts—demonstrated by the discovery, disclosures and affidavits. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Accordingly, even though this Court, when ruling on Defendants' motion to dismiss, found that Smith's factual *allegations* in his Amended Complaint were sufficient to state a claim, stating a claim does not mean that there are genuine disputes of material *fact based on the evidence* which require a trial.

The Court has considered the remainder of Smith's comments in his objections letter and finds them to be without merit. The Court has reviewed the portions of Magistrate Judge Dolinger's R&R to which no objections have been raised and finds no clear error.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation in its entirety. The Defendants' motion for summary judgment is GRANTED. Accordingly, the

Clerk of Court is directed to enter judgment and close this mater. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
September 26, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies to:

Julio Isley Smith
# 99-A-6505
Attica Correctional Facility
Exchange Street
Attica, NY 14011-0149


Magistrate Judge Michael H. Dolinger
Interoffice mail